IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

USA,

v.

MICHAEL A. ESTERGARD,

Defendant.

Case No. 6:93-cr-60085-MC-1

ORDER

MCSHANE, Judge:

Defendant's Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 and FRCP 60(b) (ECF No. 237), and his alternative motion for a writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a) (ECF No. 242), are **DENIED** for the following reasons.

1 – ORDER

BACKGROUND

In August 1993, Mr. Estergard was indicted for possessing with intent to distribute more than 100 grams of methamphetamine within 1,000 feet of a public school. (ECF No. 23; 21). The mandatory minimum sentence for this crime was 10 years and the maximum was a life sentence. U.S.C. §§ 841(a)(1) and 860. In July 1994, Estergard went to trial and the jury found him guilty. (ECF No. 111; 113-15). In February 1995, he was sentenced by US District Judge Michael Hogan to 30 years in prison, to be followed by a 5-year term of supervised release. (ECF No. 147-48).

When imposing the sentence, the Court determined Estergard's total offense level was 42 and his criminal history category was III for a sentencing guideline range of 360-months to life. His base offense level was 38 because he was found capable of manufacturing for distribution 3 to 10 kilograms of actual methamphetamine. It was increased 2 additional levels because his drug trafficking occurred within a 1,000 feet of a school, and 2 additional levels because he attempted to solicit someone to murder an informant in the case. (ECF No. 147-48; 178).
In April 1996, the Ninth Circuit affirmed his conviction and sentence. (ECF No. 182; *United States v. Estergard*, 77 F.3d 491 (9th Cir. 1996) (unpublished)).

On January 5, 2016, Estergard filed his Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 and FRCP 60(b) (ECF No. 237). His alternative motion for a writ of *coram nobis* under 28 U.S.C. § 1651(a) was filed in his reply brief to his initial motion (ECF No. 242). These matters are now before this Court. Essentially, what Estergard asks this Court to do is use a Federal Rules of Civil Procedure Rule 60(b) motion to reopen his initial 28 U.S.C. § 2255 motion, relying on the reasoning in *United States v. Holloway*, 68 F.Supp. 3d 310, 311 (E.D.N.Y. 2014) and *United States v. Marin-Moreno* 2016 WL 901666 (E.D.N.Y. 2016).

2 – ORDER

DISCUSSION

Although I sympathize with Mr. Estergard's case because I agree that his sentence seems excessive and archaic,[1] both of his motions must fail as a matter of law. His Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 and FRCP 60(b) (ECF No. 237) must be denied because a prisoner cannot use a Rule 60(b) motion to present a new claim for relief from his conviction or to attack the federal court's previous resolution of his habeas claim based on a substantive change in the governing law. *Gonzalez v. Crosby*, 125 S.Ct. at 2641-48 (2005). Mr. Estergard's situation is also distinguishable from the *Holloway* case that he relies upon in his briefings because here the government has opposed the defendant's Rule 60(b) motion, whereas in *Holloway* the U.S. Attorney (now the Attorney General) agreed to withdraw their opposition. *United States v. Holloway*, 68 F.Supp. 3d 310, 311 (E.D.N.Y. 2014). Therefore, Mr. Estergard's Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 and FRCP 60(b) (ECF No. 237) fails as a matter of law and must be denied because this Court lacks the legal authority necessary to grant such relief in the manner requested.

Estergard's alternative motion for a writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a) (ECF No. 242) must also be denied because it is also inapplicable in this case. The All Writs Act allows courts established by an act of Congress to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A writ of *coram nobis* is a common law device that allows courts to correct errors of *fact* that affect the validity and regularity of the judgment without limitation of time. *U.S. v. Morgan*, 346 U.S. 502, 507 (1954). Here, there are simply no new issues of fact to warrant a writ of *coram nobis,* so the motion must be denied.

---

[1] In *US v. Jeffrey Lynn Jones*, I noted on the record during sentencing, that as a state court judge I had sentenced defendants charged with aggravated murder to *less* time than what I was now mandated to sentence defendants charged with drug crimes in federal court, due to the restrictions imposed by the federal sentencing guidelines. (6:98-cr-60113; ECF No. 42).

3 – ORDER

## CONCLUSION

For the reasons stated above, I find that Mr. Estergard's motions must be denied. Although I cannot grant the relief Mr. Estergard seeks, I am willing to submit a judicial recommendation for clemency or commutation, if such a request is made.

IT IS SO ORDERED.

DATED this 9th day of August, 2016.

_____
Michael J. McShane
United States District Judge

RECVD 15 AUG '16 07:52 USDC-ORE

4 – ORDER